

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 12, 1959

Honorable William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Opinion No. WW-682

Re: Applicability of Texas
laws to foreign mutual
life insurance companies.

Dear Mr. Harrison:

We quote from that portion of your request wherein you state:

"In regulating the foreign mutual insurance companies doing business in this State, it has been the departmental practice over the years not to require foreign mutual life insurance companies to issue participating dividend policies. In other words, the Department has permitted foreign mutual life insurance companies to issue non-participating policies in Texas.

"We respectfully request your opinion as to whether or not foreign mutual legal reserve life insurance companies doing business in the state of Texas can continue to issue non-participating life insurance policies in this state, or do the various statutes cited above require such foreign mutual life insurance companies to issue participating dividend policies in Texas?"

The "statutes cited above" mentioned in your letter include various portions of the Insurance Code as well as Article 8.02 of the Texas Business Corporation Act and Article 1532, Title 32, R.C.S. The specific portion of the Insurance Code of Texas about which you inquire is Article 11.13 which reads as follows:

"Mutual life insurance companies are authorized to transact business throughout this State and in other states to which they may be admitted; they shall issue no policies except upon the participating plan with dividends payable annually as provided in this chapter; . . ."

In determining the applicability of Article 11.13 of the Texas Insurance Code to foreign mutual life insurance companies, it has been necessary to trace the statutes of the State of Texas back to 1909. Time and space preclude an extensive inquiry, in this opinion, as to statutory history of this problem, however, a limited amount of this

statutory history is tantamount to a complete understanding of the current law. It will be noted that it has been necessary to trace the history of legislation regulating foreign mutual life insurance companies in Texas and in conjunction with this to trace legislation enacted regulating domestic mutual life insurance companies.

## LEGISLATIVE HISTORY

In 1909 the insurance laws of the State of Texas underwent a rather extensive renovation. (Acts 31st Texas Legislature, p. 192.) This Act dealt specifically with life, accident and health insurance companies. It authorized these companies to transact business in Texas, authorized their establishment and their regulation, authorized the licensing of foreign insurance companies, and generally established the system of laws under which the insurance industry, both domestic and foreign, would operate. The only specific reference to mutual life insurance companies was made with regard to foreign mutuals. Section 28 of the Act set forth what is substantially now Article 3.22, Texas Insurance Code. This section which specifically applied to foreign mutuals provided as follows:

> ". . .; and no mutual life insurance company or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company operating on the old line or legal reserve basis, shall transact any business of insurance in this State unless such company is possessed of at least $100,000 of net surplus assets invested in securities provided for under the laws of the state, territory or country of its creation."

There were no provisions for the establishment of domestic mutual legal reserve life insurance companies under this Act. This is evident from the fact that three months after the enactment of the above mentioned legislation, which dealt specifically with foreign mutuals, the same Legislature, in the First Called Session in 1909, enacted House Bill 65 which authorized the organization of the predecessor of today's Texas domestic mutual life insurance companies, i.e., "cooperative life insurance companies".

The caption of House Bill 65, 31st Leg., First Called Session, Acts, p. 285, provides as follows:

> "An Act to provide for the incorporation, organization, regulation and supervision of co-operative life insurance companies in this State, and providing penalties for violations of this Act, and declaring an emergency."

The fact that the Legislature intended that this Act apply only to domestic companies in Texas is made clear from the recitation of the emergency clause which reads as follows:

"Sec. 17. The fact that there is now no law providing for the organization of the companies provided for by this Act and the crowded condition of the calendar constitute an emergency . . . . . ."

For the first time in the history of Texas Life Insurance regulation there appeared the requirement for the issuance of annual participating dividend policies. Section 8 of House Bill 65 bears this out with the following language:

"Sec. 8. Co-operative life insurance companies are authorized to transact business only within the State of Texas and shall issue no policies other than whole life or twenty-payment life policies on the annual dividend plan, . . . . . . ."

It would thus appear from an examination of the above that the 31st Legislature in its First Called Session intended to establish, for the first time in Texas, provisions for the creation of domestic mutual life insurance companies. Though "mutual" as a word or name was not used, the term "cooperative life insurance companies" when read in conjunction with the requirements and provisions of H.B. 65, makes it clear that the "cooperatives" were the forerunners of today's mutual life insurance companies.

In 1921, the 37th Texas Legislature, Acts, p. 148, repealed the law establishing the "cooperative life insurance companies" and authorized the creation of mutual life insurance companies. A close and careful reading of the two Acts will reveal that the enactment was a paragraph by paragraph tracking of the former Act of 1909. Although there are differences in wording in some sections, the major difference appears to be the use of the term "mutual life insurance company" in place of the term "cooperative life insurance company". Just as there is no mention of foreign mutuals in the "cooperative life insurance company" statute, the same absence of any specific reference to foreign mutuals is evident from the 1921 enactment.

It will be likewise noted that Article 4817 contained a similar provision as to the issuance of policies only on the participating plan, paralleling its successor (Art. 11.13) in this regard. That section provided:

"Article 4817. Mutual life insurance companies are authorized to transact business throughout the State of Texas, and in other States to which they may be admitted; they shall issue no policies except upon

> the participating plan with dividends payable annually
> as elsewhere provided in this Chapter; . . . . . . . . ."
> (H.B. 12, Acts 37th Tex. Leg., p. 151, 1921)

Chapter 11 of the present Texas Insurance Code is substantially the same as the 1921 and 1919 enactments discussed above. The restriction of mutuals organized under Chapter 11 to policies involving a participating dividend plan is likewise repeated (See p. 1 of this opinion). The language in Article 11.13 would indicate that these provisions were to apply to domestic mutual life insurance companies only. The language underlined above substantiates this.

The entire history of regulation of mutual life insurance companies in Texas indicates that the Legislature has chosen to regulate foreign mutual life insurance companies by statutory provisions differing from those utilized to regulate domestic mutual life insurance companies. The authorization for foreign mutual life insurance companies came before the authorization for domestic life insurance companies. They were enacted by different statutes. The statutes which regulate domestic mutual life insurance companies have failed, from their very inception to the present time, to specifically refer to foreign mutual life insurance companies. We think this absence is significant. Although at the present time both foreign and domestic mutual life insurance companies are regulated by similar statutes, nevertheless, the regulation of domestic mutual life insurance companies has always, according to the history of the legislation, followed the regulation of foreign mutuals in time of enactment.

This does not mean that foreign mutual life insurance companies are not subject to the regulations of Texas law. For the same legislative history reflects that as early as 1909 the Legislature has regulated foreign mutual life insurance companies under what is now Chapter 3 of the Insurance Code of Texas.

It is noted that in your letter of request you make reference to Article 21.43 which states as follows:

> "Art. 21.43. The provisions of this code are
> conditions upon which foreign insurance corpora-
> tions shall be permitted to do business within this
> State, and any such foreign corporation engaged in
> issuing contracts or policies within this State shall
> be held to have assented thereto as a condition pre-
> cedent to its right to engage in such business with-
> in this State."

In 1903, the 28th Texas Legislature, Acts, p. 94, enacted Art. 3096ee which is similar to the now existing Article 21.43. However, there appears a substantial difference. As originally enacted in 1903 the

similar provision stated:

> "Article 3096ee. That the provisions of this
> Act, as well as all the terms and provisions of
> Chapters 1, 2 and 3, of Title 58, of the Revised
> Civil Statutes of Texas, are conditions upon which
> foreign insurance corporations shall be permitted
> to do business within this State, and any such for-
> eign corporations engaged in issuing insurance
> contracts or policies within this State, shall be held
> to have assented thereto as a condition precedent to its
> right to engage in such business within this State."

The underlined section of the above quoted article involved
Chapter 1, 2 and 3 of Title 58 of the Revised Civil Statutes of Texas;
Chapter 1 dealt with the incorporation of insurance companies; Chap-
ter 2 with the administration of the Act, and Chapter 3 dealt with gen-
eral provisions.

In 1909 it is significant to note that Section 29 of Senate Bill
291, 31st Leg., Acts 1909, specifically repealed by article number the
provisions of Chapters 1, 2 and 3 of Title 58 dealing with the regula-
tion, organization and control of life and health and accident insurance
companies. Not only this, but Chapter 4 of Title 58 which specifically
dealt with home life and accident insurance companies was repealed
by name. When this fact is considered together with the fact that
Senate Bill 291 was enacted as the only legislation authorizing the in-
corporation of life, accident and health insurance companies, and
further remembering that it is in this same Senate Bill 291 wherein
specific reference is made to foreign mutual life insurance companies,
it is obvious that the limitations in the 1903 enactment dealing with
the applicability of Texas law to foreign insurance companies, is not
sufficient authority for applying what is now 21.43 to foreign mutual
insurance companies, so as to bring them under the requirements of
Article 11.13.

On further investigation we find that the predecessor of the
current 21.43 seems to have been enacted in 1925; thus, Article 5068,
Revised Civil Statutes of Texas, 1925, p. 1417, appears to be more
closely aligned with the contemporary provision (Art. 21.43)than was
the 1903 enactment. It reads as follows:

> "Art. 5068. Foreign insurance corporations.--
> The provisions of this title are conditioned upon which
> foreign insurance corporations shall be permitted to do
> business within this State, and any such foreign corpor-
> ation engaged in issuing contracts or policies within
> this State shall be held to have assented thereto as a
> condition precedent to its right to engage in such business
> within this State."

It is to be likewise noted that the Revised Civil Statutes of Texas, 1925, is the first revision which contains both the equivalent of the current Chapter 3 which refers to foreign mutuals and the current Chapter 11 which regulates domestic mutuals. It is interesting to note that there is specific reference made in Chapter 3, Article 4757, to foreign life insurance companies and foreign mutual life insurance companies. It will likewise be noted that the provisions of Chapter 3 of the Revised Statutes of 1925, as well as the current Chapter 3 of the Texas Insurance Code, are, without question, broad enough to cover the regulation of foreign mutual life insurance companies.

It should be pointed out that Article 4819 of Chapter 7 of the Revised Civil Statutes of 1925 provides as follows:

"Other laws to govern.-- The provisions of Chapter 3 of this title when not in conflict with the articles of this chapter, shall apply to and govern mutual life insurance companies organized under the provisions of this chapter."

This provision was reenacted into the present Insurance Code as Article 11.19. We feel that the underlined portion above when read in the light of the legislative history of domestic mutuals adds impetus to the conclusion that Chapter 11, and, in particular Article 11.13 thereof, applies only to domestic mutuals.

## DEPARTMENTAL CONSTRUCTION

Reference is here made to page 1 of this opinion wherein there is set out the paragraph of your request relating to the departmental construction of Article 11.13 of the Texas Insurance Code. Therein you state in effect that the departmental practice over the years has been to permit foreign mutual life insurance companies to issue non-participating policies in Texas.

While the general provisions of Chapter 11 of the Texas Insurance Code are free from ambiguity, we feel that, in particular, Article 11.13 is at best confusing and uncertain as to its applicability. Therefore, your departmental construction of Article 11.13 is entitled to great weight, and in absence of unreasonable or arbitrary application, should not be disturbed.

Thus, it appears that the legislative history of regulation of foreign and domestic mutual life insurance companies in Texas has resulted from different legislative Acts. The history of the respective Acts indicates that the Legislature intended the two categories of mutual life companies, i.e., foreign and domestic, to be controlled by different statutes. This legislative history of an admittedly confusing provision, coupled with the departmental construction given to the statutes as they existed, indicates that the present Article 11.13 of the Texas Insurance

Code should not be so construed as to include foreign mutual insurance companies. That is to say, that the requirement of the issuance of policies only on the participating plan with dividends payable annually, shall not apply to foreign mutual life insurance companies and that such foreign companies are free to issue a non-participating policy.

## SUMMARY

> Article 11.13 of the Texas Insurance
> Code does not prohibit foreign mutual
> life insurance companies from issuing
> non-participating policies in Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

C. Dean Davis
Assistant

CDD:lmc

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

_____

_____

_____

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert